IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 23-cv-00273-NYW-SBP

GARY SHELDON,

    Plaintiff,

v.

BUREAU OF PRISONS (BOP),
MR. WILLIAMS (WARDEN),
Mr. TERRY (CSO MAILROOM),
MS. ASHLEY HERBST (PSYCHOLOGY),

    Defendants.

---

## ORDER ON MOTION FOR PRELIMINARY INJUNCTION

---

This matter is before the Court on the Motion for Preliminary Injunction filed by Plaintiff Gary Sheldon ("Plaintiff" or "Mr. Sheldon"). [Doc. 9]. Defendants—the Federal Bureau of Prisons ("BOP"), Warden Williams, Officer Terry, and Dr. Herbst (collectively, Defendants")—filed a response in opposition, [Doc. 43], and Plaintiff has replied, [Doc. 52]. For the reasons set forth in this Order, the Motion for Temporary Restraining Order is respectfully **DENIED**.

## BACKGROUND

The following facts are drawn from the Amended Prisoner Complaint. [Doc. 19].[1] Plaintiff is in the custody of the BOP and is currently housed at FCI Englewood. [*Id.* at 2]. Plaintiff alleges that he is subject to a Correctional Management Plan ("CMP"), which requires that his incoming mail be screened by prison officials. [*Id.* at 6]. Relevant here, Plaintiff's CMP restrictions provide that he is prohibited from possessing "any materials that contain any type of sexual or sexually violent content" or "any materials that contain or could reasonably be expected to contain any depiction of sexual content, nudity, or pictures of models who are scantily clad . . . or in sexually provocative poses or positions." [Doc. 43-14 at 5].

According to Plaintiff, the FCI Englewood mailroom forwards his incoming mail to Dr. Ashley Herbst, a psychologist, for screening. [Doc. 19 at 5–6]. Plaintiff claims that, under BOP and federal regulations and under federal law, the only person authorized to reject incoming mail is the warden, or if the warden is absent, the associate warden. [*Id.* at 6]. He therefore takes issue with Dr. Herbst's participation in the screening process. [*Id.* at 5–6]. He also suggests that BOP and federal regulations permit inmates to possess "[m]aterial not containing nudity or deemed to be sexually [explicit]," [*id.* at 6], and claims that prison officials "misapply" applicable regulations "when 'interpreting' what they deem to be sexually explicit or contain nudity," [*id.* at 5]. He asserts that he will "demonstrate the BOP or prison officials lack any penological interest in the banning or denying what is otherwise permitted pursuant to regulations and statute." [*Id.*].

---

[1] Mr. Sheldon filed his Amended Prisoner Complaint after he filed the Motion for Preliminary Injunction. *See* [Doc. 9; Doc. 19]. The allegations in the Amended Prisoner Complaint are of the same nature as those in his original Complaint. *See* [Doc. 7].

2

Plaintiff sought relief under the Administrative Procedure Act ("APA"), asking for a Court order directing prison officials to comply with prison policies and federal regulations. [*Id.* at 5–8]. The Amended Complaint was screened pursuant to D.C.COLO.LCivR 8.1, *see* [Doc. 20], and the Honorable Susan Prose issued a Recommendation recommending that Plaintiff's APA claims be dismissed for lack of subject matter jurisdiction. [Doc. 22 at 9]. However, Judge Prose also construed Plaintiff's Complaint as asserting a First Amendment claim for prospective injunctive relief and declined to review that claim at the initial screening step. [*Id.* at 8–9, n.5]. Judge Prose recommended that the First Amendment claim against Defendants be dismissed with prejudice to the extent it was asserted against Defendants in their individual capacities, but insofar as the claim was asserted against Defendants in their official capacities, she recommended that the claim be drawn to a presiding judge. [*Id.* at 9]. The Honorable Lewis T. Babcock adopted Judge Prose's Recommendation, dismissed Plaintiff's APA claims, dismissed Plaintiff's claims against Defendants in their individual capacities, and ordered that the First Amendment claim asserted against Defendants in their official capacities for prospective injunctive relief be drawn to a presiding judge. [Doc. 23 at 1–2]. The case was then reassigned to the undersigned. [*Id.*].

## LEGAL STANDARDS

I.  **Rule 65**

Federal Rule of Civil Procedure 65 authorizes the Court to enter preliminary injunctions and issue temporary restraining orders. Fed. R. Civ. P. 65(a), (b). "Preliminary injunctions are extraordinary remedies requiring that the movant's right to relief be clear and unequivocal." *Planned Parenthood of Kan. v. Andersen*, 882 F.3d

3

1205, 1223 (10th Cir. 2018).  A party seeking preliminary injunctive relief must make a four-part showing:  (1) that the movant has a likelihood of success on the merits of his claims; (2) that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest.  *Petrella v. Brownback*, 787 F.3d 1242, 1257 (10th Cir. 2015).  A party seeking an injunction must demonstrate that "*all four* of the equitable factors weigh in its favor," *Sierra Club, Inc. v. Bostick*, 539 F. App'x 885, 888 (10th Cir. 2013) (emphasis in original), and a "plaintiff's failure to prove any one of the four preliminary injunction factors renders its request for injunctive relief unwarranted," *Vill. of Logan v. U.S. Dep't of Interior*, 577 F. App'x 760, 766 (10th Cir. 2014).

The primary goal of a preliminary injunction is to preserve the pre-trial status quo.  "Status quo" is defined to be the last uncontested status between the parties that preceded the controversy until the outcome of the final hearing.  *See Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1260 (10th Cir. 2005).  Therefore, courts view the following types of injunctions with caution:  (1) preliminary injunctions that alter the status quo; (2) preliminary injunctions that require the nonmoving party to take affirmative action, i.e., "mandatory" preliminary injunctions; and (3) preliminary injunctions that give the movant all the relief it would be entitled to if it prevailed in a full trial.  *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009).  Whether to issue a preliminary injunction lies in the sound discretion of the trial court.  *See id.*

II.  **Pro Se Filings**

In applying the above principles, this Court is mindful that Mr. Sheldon proceeds pro se and the Court thus affords his papers and filings a liberal construction.  *Haines v.*

4

*Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam).  But the Court cannot and does not act as his advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and applies the same procedural rules and substantive law to Plaintiff as to a represented party, *see Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

## ANALYSIS

In the Motion for Preliminary Injunction, Plaintiff argues that prison officials' enforcement of the CMP restrictions "hinder[s], impede[s,] and den[ies]" his ability to freely exercise his First Amendment rights.  [Doc. 9 at 1].  The exact relief sought in the Motion for Preliminary Injunction is unclear, but he appears to request that this Court order Defendants to cease enforcing the CMP restrictions against Plaintiff.  See [*id.* at 2]. Plaintiff "prays the Court to issue the Preliminary Injunction specifically for Mr. Williams, Warden, Dr. Ms. Herbst, psychology, Mr. Terry CSO Mailroom, their successors in office, employment, agents, and all other prison officials acting in concern [sic] and participation with them."  [*Id.* at 3–4].

Defendants oppose Plaintiffs' Motion.  See [Doc. 43].  They argue first that Plaintiff is not likely to succeed on the merits of his claim, invoking their affirmative defenses of failure to exhaust administrative remedies and claim preclusion.  [*Id.* at 5–11].  They then turn to the substantive merits of Plaintiff's claim, asserting that Plaintiff cannot show that the CMP restrictions requiring mail screening are unconstitutional.  [*Id.* at 11–15]. Furthermore, they argue that Plaintiff has not shown that he will suffer irreparable harm absent a preliminary injunction, that the balance of equities are in his favor, or that an injunction is in the public interest.  [*Id.* at 15].

5

For the reasons set forth in this Order, the Court concludes that Plaintiff has not demonstrated that he is entitled to preliminary injunctive relief.

First, as mentioned above, the Motion for Preliminary Injunction does not make clear the exact relief Plaintiff seeks.  Plaintiff states that the Court "has jurisdiction to mandate and compel[] . . . prison officials to follow and comply with their and [sic] federal regulations and statute."  [Doc. 9 at 1]; *see also* [*id.* at 2 (arguing that "[t]he CMP is in conflict with statute and regulations" and that "[r]equiring prison officials to adhere to their own and federal regulations as a matter of law" is in the public interest)].

To the extent Plaintiff's Motion can be construed as seeking a Court order directing Defendants to comply with BOP regulations and federal regulations and statutes, the Court cannot grant such relief under Rule 65, which "requires that an injunction be reasonably specific in identifying what acts are prohibited or required, both to give notice to the defendant of what is prohibited, and to guide an appellate court in reviewing the defendant's compliance or noncompliance with the injunction."  *Keyes v. Sch. Dist. No. 1*, 895 F.2d 659, 668 (10th Cir. 1990); *see also* Fed. R. Civ. P. 65(d)(1)(C) (requiring that all injunctions "describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required").

The Tenth Circuit has instructed that "injunctions simply requiring the defendant to obey the law are too vague to satisfy Rule 65."  *Shook v. Bd. of Cnty. Comm'rs of Cnty. of El Paso*, 543 F.3d 597, 604 (10th Cir. 2008) (quoting *Monreal v. Potter*, 367 F.3d 1224, 1236 (10th Cir. 2004)).  Following this directive, courts within this Circuit have denied requests for injunctive relief wherein the movant simply requests a court order directing compliance with the law or facility regulations.  *See, e.g.*, *Montoya v. Am. Online, Inc.*,

6

No. 6:07-cv-01078-BB-ACT, 2009 WL 10708276, at *11 (D.N.M. Apr. 29, 2009) (denying request for injunctive relief that was "nothing more than a generalized request asking the Court to force AOL to comply with the law"); *cf. Shapiro v. Chapdelaine*, No. 13-cv-03086-WJM-KMT, 2015 WL 6549275, at *2 (D. Colo. Oct. 29, 2015) (dismissing claims for injunctive relief where the plaintiff sought to require the defendants to follow CDOC regulations). "Obey-the-law injunctions do not individuate, and so very often, they fail to effectively tell the defendant what [s]he is supposed to do.  There may be many ways to violate the law, and many ways to comply; what is a violation is often at the heart of the dispute."  *Acosta v. Finishing Pros., LLC*, No. 18-cv-00978-RPM-NYW, 2018 WL 6603641, at *3 (D. Colo. Nov. 20, 2018) (quoting Douglas Laycock, *Modern American Remedies* 274 (4th ed. 2010)).  Accordingly, to the extent Plaintiff seeks a Court order directing Defendants to comply with federal law or BOP regulations, the Court cannot enter such an order.

Construing Plaintiff's Motion liberally, however, it could also be read to request that the Court order Defendants to no longer impose the CMP restrictions on Plaintiff.  *See, e.g.*, [Doc. 9 at 2 ("The application of the CMP subjects Sheldon to incident reports, sanctions and disciplinary actions, [further] denying Sheldon of otherwise legal and permissible material.  Accordingly, Sheldon is subject to imminent and irreparable injury absent the injunction.")].  Even so, the Court cannot conclude that Plaintiff is entitled to preliminary relief under the four-part test.  Indeed, Mr. Sheldon appears to seek most, if not all, of the relief through a preliminary injunction that he would obtain if he prevailed after a full trial.  *Compare* [Doc. 9], *with* [Doc. 19].  Accordingly, Mr. Sheldon must satisfy a heightened burden.  *See O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*,

7

389 F.3d 973, 975 (10th Cir. 2004).

In addition, the Supreme Court has instructed lower courts to exercise restraint in ruling on requests for preliminary injunctive relief in the prison context:

> Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government. Prison administration is, moreover, a task that has been committed to the responsibility of those branches, and separation of powers concerns counsel a policy of judicial restraint.

*Turner v. Safley*, 482 U.S. 78, 84–85 (1987). "Courts should grant preliminary injunctive relief involving the management of prisons only under exceptional and compelling circumstances." *Escobar v. Reid*, No. 06-cv-01222-CMA-KLM, 2008 WL 4877009, at *3 (D. Colo. Nov. 12, 2008) (citing *Taylor v. Freeman*, 34 F.3d 266, 270 (4th Cir. 1994)), *aff'd*, 348 F. App'x 387 (10th Cir. 2009). "[I]ntervention in the management of state prisons is rarely appropriate when exercising the equitable powers of the federal courts." *Taylor*, 34 F.3d at 269. And the Tenth Circuit has said that, "[i]n the case of unprivileged incoming and outgoing prison mail, regulation by prison officials is essentially an administrative matter in which the courts will not intervene." *United States. v. Gordon*, 168 F.3d 1222, 1228 (10th Cir. 1999) (quotation omitted). With these principles in mind, the Court turns to Plaintiff's arguments in favor of injunctive relief.

First, Mr. Sheldon contends that he is likely to succeed on his First Amendment claim because he "will produce a set of Request for Admissions which will fully support the assertions made in the Complaint by their own admission" and because "[t]he CMP is in conflict with statute and regulations." [Doc. 9 at 2]. However, Plaintiff does not explain why the BOP's alleged failure to comply with a federal statute or regulations amounts to a constitutional violation. *See* [*id.*]. Even if Plaintiff is correct that the

imposition of CMP restrictions on him is contrary to statutes or regulations, this would not demonstrate that his First Amendment rights have been violated.  *See, e.g.*, *Ernst v. Creek Cnty. Pub. Facilities Auth.*, 697 F. App'x 931, 934 (10th Cir. 2017) ("[S]imply failing to follow jail policies is not a constitutional violation in and of itself.").  Nor is his conclusory statement that he stands a better than 50% chance of prevailing sufficient to satisfy his burden of making a "heightened showing" to justify a mandatory injunction.  *See Cathey v. Jones*, 505 F. App'x 730, 733 (10th Cir. 2012).

Furthermore, while inmates have a First Amendment right to send and receive mail, *see Garcia v. Tafoya-Lucero*, No. 1:22-cv-00129-JB-JHR, 2023 WL 3852919, at *4 (D.N.M. June 6, 2023) (collecting cases), the Supreme Court has instructed that prison administrators should be afforded deference in their decisions to regulate prison mail, *see Thornburgh v. Abbott*, 490 U.S. 401, 407–08 (1989) ("Acknowledging the expertise of [prison] officials and that the judiciary is ill equipped to deal with the difficult and delicate problems of prison management, this Court has afforded considerable deference to the determinations of prison administrators who, in the interest of security, regulate the relations between prisoners and the outside world." (quotation omitted)).  Prison officials, therefore, may "impose restrictions on prisoner correspondence if those restrictions are 'reasonably related to legitimate penological interests.'"  *Van den Bosch v. Raemisch*, 658 F.3d 778, 785 (7th Cir. 2011) (quoting *Turner*, 482 U.S. at 89).  In deciding whether mail restrictions are reasonably related to legitimate penological interests, courts consider four factors identified in *Turner*:

> (1) whether a valid and rational connection exists between the regulation and the asserted legitimate governmental interest; (2) whether alternative means of exercising the constitutional right remain available to inmates; (3) any effect accommodating the right would have on guards, inmates, and

the allocation of prison resources; and (4) the absence of ready alternatives. *Sperry v. Werholtz*, 413 F. App'x 31, 40 (10th Cir. 2011); *see also Turner*, 482 U.S. at 89–90.

In his Motion for Preliminary Injunction, Plaintiff does not expressly argue that the CMP restrictions are not reasonably related to legitimate penological interests and does not otherwise meaningfully explain why he is likely to succeed on the merits of his First Amendment claim. *See* [Doc. 9 at 2]. Although Plaintiff proceeds pro se and the Court must construe his filings liberally, the Court cannot make arguments on his behalf or act as his advocate. *Hall*, 935 F.2d at 1110. And to the extent Plaintiff raises new arguments about the preliminary injunction factors in his reply brief, *see, e.g.*, [Doc. 52 at 3–4], because those arguments were not raised in his original Motion, they have been waived, *see United States v. Leffler*, 942 F.3d 1192, 1197 (10th Cir. 2019). Without prejudging the merits of Plaintiff's claim, the Court simply notes that "[c]ourts have routinely found that institutional security, treatment of sex offenders, and creating a safe working environment are all legitimate penological goals that justify regulating nudity and sexually explicit content in the prison setting." *Odneal v. Schnell*, No. 22-cv-03107-JRT-JFD, 2024 WL 95191, at *5 (D. Minn. Jan. 9, 2024) (collecting cases), *report and recommendation adopted*, 2024 WL 363740 (D. Minn. Jan. 31, 2024). At this juncture, Mr. Sheldon has not carried his heightened burden of showing a likelihood of success on the merits of his claim.

In addition, Mr. Sheldon has not demonstrated that the balance of harms tips in his favor or that an injunction is in the public interest. He makes no argument with respect to the balance of equities, *see generally* [Doc. 9], which is a sufficient basis to deny Plaintiff's

Motion, *see Vill. of Logan*, 577 F. App'x at 766; *see also Nagim v. Walker*, No. 10-cv-02973-WYD-KLM, 2011 WL 1542460, at *2 (D. Colo. Mar. 8, 2011) ("Given that Plaintiff has failed to allege irreparable injury, injunctive relief is subject to denial on this basis alone."), *report and recommendation adopted*, 2011 WL 1542157 (D. Colo. Apr. 25, 2011).  As for the public interest, Plaintiff asserts that "[t]he enforcement of constitutional rights is very much in the public interest." [Doc. 9 at 3].  To be sure, "[t]he public has an interest in protecting First Amendment freedoms," but this interest "is less weighty in cases like this one, where the moving party has failed to show a likelihood of success on the merits." *Odneal*, 2024 WL 95191, at *10.  "There is also the countervailing interest of prison security to consider." *Id.*; *see also Franco v. Collins*, No. 2:14-cv-00148, 2014 WL 7506869, at *1 (S.D. Tex. June 30, 2014) ("It does not serve the public's interest for the courts to micro-manage the screening of incoming, non-legal, inmate mail."), *report and recommendation adopted as modified*, 2015 WL 136544 (S.D. Tex. Jan. 8, 2015).  Given that this Court must exercise judicial restraint and must take care to not interfere with the administration of prisons, *see Turner*, 482 U.S. at 84–85, the Court cannot conclude that the balance of equities weighs in Plaintiff's favor or that the requested injunction is in the public interest.

In sum, Plaintiff has not demonstrated a clear and unequivocal right to the relief he requests.  The Court finds that the extraordinary remedy of a temporary restraining order is not warranted at this time.  The Motion for Preliminary Injunction is respectfully **DENIED**.

**CONCLUSION**

For the reasons set forth herein, it is **ORDERED** that:

(1)     The Motion for Preliminary Injunction [Doc. 9] is **DENIED**; and

(2)     A copy of this Order shall be sent to:

Gary Sheldon, #13437-045
Englewood Federal Correctional Institution
Inmate Mail/Parcels
9595 West Quincy Avenue
Littleton, CO 80123

DATED:  February 7, 2024                    BY THE COURT:

_____
Nina Y. Wang
United States District Judge