IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 23-cv-00273-NYW-SBP

GARY SHELDON,

    Plaintiff,

v.

BUREAU OF PRISONS (BOP),
WILLIAMS (WARDEN),
MR. TERRY (CSO MAILROOM), and
MS. ASHLEY HERBST (PSYCHOLOGY),

    Defendants.

## ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION

This matter is before the Court on the Recommendation and Order of United States Magistrate Judge Susan Prose issued on June 20, 2024. [Doc. 83]. On January 10, 2024, this Court referred two dispositive motions to Judge Prose for recommendation: Defendants' Motion to Dismiss, [Doc. 48], and Defendants' Early Motion for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies (the "Motion for Summary Judgment"), [Doc. 49]; *see also* [Doc. 50]. Judge Prose recommends that the Motion for Summary Judgment be granted and that the Motion to Dismiss be denied as moot. [Doc. 83 at 1]. In the alternative, she recommends that the Motion to Dismiss be granted. [*Id.*]. In either case, she recommends that Plaintiff's remaining claim be dismissed with prejudice because the claim is barred by the doctrine of res judicata and cannot be properly refiled. [*Id.* at 22, 27].

The Recommendation states that objections to the Recommendation must be filed

within fourteen days after its service on the Parties. [*Id*. at 27–28 n.15]; *see also* 28 U.S.C. § 636(b)(1)(C). The Recommendation was served on June 20, 2024. *See* [Doc. 83]. No Party has objected to the Recommendation and the time to do so has elapsed.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a [magistrate judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In this matter, the Court has reviewed the Recommendation to satisfy itself that there is "no clear error on the face of the record."[1] Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment.

Based on this review, the Court has concluded that the Recommendation is thorough, well-reasoned, and a correct application of the facts and the law, including Judge Prose's recommendation to dismiss Plaintiff's claim with prejudice. The Court is mindful that "[o]rdinarily, a dismissal based on a failure to exhaust administrative remedies should be *without* prejudice," *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009), as resolution of a case based on a failure to exhaust does not reach the case's merits. However, courts have ruled that if a claim cannot be refiled, dismissal with prejudice is appropriate. *See, e.g., Hinzo v. N.M. Corr. Dep't*, 558 F. App'x 790, 793 n.2 (10th Cir. 2014) (affirming dismissal with prejudice based on a failure to exhaust when

---

[1] This standard of review is something less than a "clearly erroneous or . . . contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b).

2

the "unexhausted federal claim . . . [was] procedurally defaulted because the deadline expired for a formal grievance"); *Duvall v. Troutt*, No. 5:14-cv-00029-F, 2014 WL 5780725, at *5 (W.D. Okla. Sept. 15, 2014) (recommending dismissal with prejudice for unexhausted but procedurally defaulted claim), *report and recommendation adopted*, 2014 WL 5780737 (W.D. Okla. Nov. 5, 2014).  Because Plaintiff's claim is barred by the doctrine of res judicata and cannot be properly refiled, *see* [Doc. 83 at 22–27], the Court finds it appropriate to dismiss Plaintiff's claim with prejudice.

Accordingly, it is **ORDERED** that:

(1) The Recommendation and Order of United States Magistrate Judge Susan Prose [Doc. 83] is **ADOPTED**;

(2) Defendants' Early Motion for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies [Doc. 49] is **GRANTED**;

(3) Plaintiff's First Amendment claim is **DISMISSED with prejudice**;

(4) Defendants' Motion to Dismiss [Doc. 48] is **DENIED as moot**;

(5) Judgment is **ENTERED** in favor of Defendants on Plaintiff's claim;

(6) Defendants are entitled to their costs under Federal Rule 54 and Local Rule 54.1;[2]

---

[2] Costs should generally "be allowed to the prevailing party," Fed. R. Civ. P. 54(d)(1), but the district court may in its discretion decline to award costs where a "valid reason" exists for the decision, *see, e.g.*, *In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1144, 1147 (10th Cir. 2009).  While Plaintiff is a pro se incarcerated litigant, he does not proceed in this case *in forma pauperis* because his motion for *in forma pauperis* status was denied due to the filing restrictions that have been imposed against him under 28 U.S.C. § 1915(g).  *See* [Doc. 13].  "Just as non-indigent litigants must consider the relative merits of their lawsuit against the pain an unsuccessful suit might inflict on their pocketbook, so must prisoners like [Plaintiff] learn to exercise discretion and judgment in their litigious activity and accept the consequences of their costly lawsuits." *McGill v. Faulkner*, 18 F.3d 456, 460 (7th Cir. 1994).  The Court does not find that Plaintiff's pro se or incarcerated

(7) The Clerk of Court is directed to terminate this case; and

(8) A copy of this Order shall be mailed to:

> Gary Sheldon, #13437-045
> Englewood Federal Correctional Institution
> Inmate Mail/Parcels
> 9595 West Quincy Avenue
> Littleton, CO 80123

DATED: July 22, 2024

BY THE COURT:

_____
Nina Y. Wang
United States District Judge

---

status is sufficient to overcome the presumption of costs under Rule 54. *See Sutton v. Corr. Corp. of Am.*, No. 06-cv-01606-DME-KLM, 2008 WL 4059894, at *2 (D. Colo. Aug. 29, 2008) (awarding costs against indigent incarcerated litigant because "indigency alone" is "not sufficient in itself to overcome the presumption" of costs (quotation omitted)).